**Johnny Lee HOWZE, Petitioner— Appellant,**

v.

**Earnest ROE, Warden; et al., Respondents—Appellees.**

No. 03–56395.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.[*]

Decided March 23, 2004.

Johnny Lee Howze, CSPLAC–California State Prison L.A. County, Lancaster, CA, pro se.

R.App. P. 34(a)(2).

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Chung L. Mar, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before: B. FLETCHER, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

California state prisoner Johnny Lee Howze appeals pro se from the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 in which he challenged his conviction for first degree burglary and drug possession. Howze contends that his constitutional right to self-representation under *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), was violated when the trial court denied his motion for self-representation. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

A district court's decision to deny a habeas petition is reviewed de novo. *Ho v. Carey,* 332 F.3d 587, 591 (9th Cir.2003). Howze's petition was filed in April, 2002, after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, AEDPA's provisions apply, and our review is limited by the standard set forth in 28 U.S.C. § 2254(d).

In addressing Howze's appeal from the trial court's denial of his motion for self-representation, the California Court of Appeal determined that Howze's motion was untimely and made for the purpose of causing delay. Because Howze's motion was made only two days before his scheduled trial date, the Court of Appeal's determination that his motion was not timely was not "contrary to" established Supreme Court precedent. *Faretta,* 422 U.S. at 807, 835, 95 S.Ct. 2525 (noting that Faretta's

motion was made "[w]ell before the date of trial" and "weeks before trial").

Likewise, the Court of Appeal's determination that Howze's motion was obstructive and made for purposes of causing delay was neither "contrary to" or an "unreasonable application of" Supreme Court precedent. *See id.* at 834 n. 46, 95 S.Ct. 2525 (noting that "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct."); *see also Jackson v. Ylst,* 921 F.2d 882, 888–89 (9th Cir.1990).

For the foregoing reasons, we conclude that the district court properly denied the petition because the California Court of Appeal's denial of Howze's *Faretta* claim was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d).

All pending motions are denied.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.